**ORKIN EXTERMINATING COMPANY, INC., Appellant,**

v.

**Jessie L. DAVIS, Appellee.**

**No. 20536.**

Court of Civil Appeals of Texas, Dallas.

June 26, 1981.

Rehearing Denied July 29, 1981.

James A. Ellis, Jr., Carrington, Coleman, Sloman & Blumenthal, Dallas, for appellant.

George M. Adams, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and CARVER, JJ.

AKIN, Justice.

This is an appeal by defendant, Orkin Exterminating Company, Inc., from an adverse judgment in favor of plaintiff, Jessie L. Davis. The action arose out of an automobile collision in which Davis was allegedly injured. Trial was to a jury which found for the plaintiff and Orkin appealed. We hold that the evidence adduced at trial was insufficient to support the verdict as to all of Davis' alleged damages because there was no medical testimony to prove causation of such damages. Accordingly we reverse and remand.

On December 29, 1975, Orkin's vehicle and Davis' vehicle collided at an intersection. Davis sued Orkin, alleging that the negligence of Orkin's employee was a proximate cause of damage to Davis' vehicle and of personal injuries to Davis. The jury found that Orkin's employee was 65 percent

negligent in causing the collision in question and that Davis was 35 percent negligent. The jury awarded Davis damages for past and future pain and metal anguish, past and future loss of earnings, past and future medical expenses, and for damages to his vehicle, which damages were reduced by 35 percent. Orkin does not attack the jury's findings as to negligence and damage to Davis's vehicle, but Orkin asserts on appeal that there is no evidence or insufficient evidence of causation between the collision and plaintiff's personal injury damages.

 We conclude that there is some evidence of causation of some damage but insufficient evidence to support the verdict. Davis testified that he was possibly knocked out in the collision, that after he came to he was dizzy, that after he returned home he began hurting and could not get out of bed. Thus, there is some evidence that Davis suffered personal injuries as a result of the accident.

We do, however, agree with Orkin that the evidence adduced at trial was insufficient to support the verdict as to all of Davis's alleged damages. This is so because no medical testimony was presented with respect to causation by the collision of all of the damages found by the jury. *See Lenger v. Physician's General Hospital, Inc.*, 455 S.W.2d 703, 706 (Tex. 1970). In this respect, the question presented is whether the causal relationship between the accident and Davis' condition can be fairly determined by general experience and common sense so as to permit a lay jury to determine causation of the injuries without expert medical testimony. Because no medical testimony was presented with respect to whether the injuries to Davis were caused by the collision, the evidence presented must show a reasonable probability that all of Davis' injuries were caused by the collision in question.

Davis argues that the evidence here is this type of evidence. We cannot agree. The only testimony presented on whether his physical condition was caused by the collision was that of Davis himself, who testified as follows:

Q. (By Davis' attorney). So it is your testimony that all of the injuries about which you have testified and the what you have had to go through was a result of this accident?

A. (By Davis). Yes Ma'am.

Additionally, testimony was tendered of relatives and friends that Davis' mood changed after the accident. In this respect, they testified that prior to the accident Davis was never ill and had a harmonious marriage but afterwards he was frequently ill and his marriage became discordant.

The question is whether from this testimony a jury could conclude that his injuries were caused with reasonable probability by the accident. The answer to this question depends upon the nature of his injuries. The only medical testimony with respect to his injuries was that of Dr. Ruth Jackson, who first examined Davis in 1979, approximately four years after the accident. She testified that Davis had a permanent injury to the nerves in his neck and back. She based her opinion on the history given her by Davis, her interpretation of his x-rays, and her examination of him. She did not, however, testify that the objective physical symptoms of Davis' injuries were related to the accident. Neither did she testify that the accident probably was a producing cause of his symptoms. Furthermore, Dr. Jackson testified that the treatment Davis received between the accident in 1975 and her examination of him in 1979 aggravated his symptoms. In particular, she stated that a neck brace which Davis had been wearing over a long period of time held his neck backward in hyperextension which causes a narrowing of the inner vertebral canals, through which nerve roots pass. She further testified that this can cause nerve root irritation, pain, sensory and reflex changes due to the narrowed channels. She could not say, however, whether pain occurred in Davis' case. She did testify that the x-rays showed "developmental anomalies or abnormalities, something with which the patient was born" in the lower part of the spine. We hold that these conditions are such that a lay jury could not

determine from common experience that they were caused with reasonable probability by the accident. Because no expert testimony, based upon reasonable medical probability, connected the accident to the injuries found, we must reverse the judgment and remand for a new trial.

■ Since we are remanding this cause, we deem it appropriate to comment on other points which may arise again upon retrial. In this respect, Orkin contends that the evidence at trial showed that not all of plaintiff's injuries were proximately caused by the collision in question. Orkin maintains that some of Davis' injuries resulted from improper medical treatment subsequent to the accident, including the prescription of an improper neck brace. Thus, Orkin asserts that the trial judge should have submitted the following special issue:

Do you find from a preponderance of the evidence that the extended application of a neck brace which held the head of Jessie L. Davis backward and held his neck hyperextended was a new and independent cause of the injury or symptoms that may exist at the time of trial?

We cannot agree with Orkin because this issue is an inferential rebuttal issue and was correctly refused by the trial judge. Tex.R.Civ.P. 277.

■ With respect to the neck brace, Orkin also requested that the following instruction be submitted: "Do not include any amount for any pain or anguish or loss of earnings or earning capacity resulting from application and wearing of the neck braces by Jessie Davis after the occasion in question on December 29, 1975." Standing alone, this instruction is improper. A proper instruction would have informed the jury that they were not to consider any damages resulting from application of the neck brace if they found that the improper medical treatment, if any, resulting in the wearing of the neck braces was a new and independent cause of injury to Davis. This is true because even though improper medical treatment caused part of plaintiff's injuries, these injuries should be compensated by the tortfeasor unless such treatment was a new

and independent cause, as defined. Restatement (Second) of Torts § 457, Comment a (1965); W. Prosser, Law of Torts § 44 (1971).

■ Orkin next contends that the trial judge erred in admitting into evidence certain medical bills which purport to show medical expenses incurred by Davis as a result of the collision in question. Davis testified that he had received the bills, and Dr. Jackson testified that the charges were reasonable charges in Dallas County, Texas. Included within the medical bills were not only Dr. Jackson's bills but also those from other physicians, who had previously treated Davis. Although Dr. Jackson's testimony as to the reasonableness of the other physicians reflected services was admissible, no testimony was adduced that these services were actually performed and were necessary to treat Davis' injuries. Furthermore, there is no testimony that the services for which charges were made were necessitated by the collision in question. Thus, the trial judge should not have admitted the bills absent a showing that the services detailed therein were necessary as a result of the collision in question and were actually performed. *Kulms v. Jenkins*, 557 S.W.2d 149, 154 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.).

Reversed and remanded.