**SEARS, ROEBUCK & CO., Appellant,**

v.

**Emma Jean HURST, Appellee.**

No. 18618.

Court of Appeals of Texas,
Fort Worth.

June 3, 1982.
Rehearing Denied July 1, 1982.

Jearl Walker, Fort Worth, for appellant.

Law Office of Charles Dickens, and Charles Dickens, Fort Worth, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

OPINION

HOLMAN, Justice.

The appeal is from judgment under the Deceptive Trade Practices Act, Tex.Bus. & Comm.Code Ann. sec. 17.46 and sec. 17.50 (1973), for property damage and personal injuries. Appellee, by cross-point, seeks attorney fees as found by the jury but denied her by the trial court's judgment.

We reverse and remand for retrial.

The evidence is that in June, 1975, the appellee purchased a central heating and cooling unit from appellant.

Appellant's salesman told appellee the appellant would obtain a city permit and would obtain inspection of the installation by the City of Fort Worth.

The terms of the transaction between the parties were reduced to written contract which includes the following: "IT IS UNDERSTOOD THAT SEARS WILL NOT INSTALL SAID MATERIALS BUT THAT BY THE ACCEPTANCE OF THIS PROPOSAL YOU AUTHORIZE SEARS TO ARRANGE WITH A CONTRACTOR LICENSED WHERE REQUIRED TO MAKE THE INSTALLATION."

Kenneth Darby, an independent contractor, installed the heating/cooling unit in appellee's home in June, 1975.

On April 12, 1977, appellee observed smoke coming from the air conditioning vents in her house and called the fire department. The firemen switched off the heating unit and instructed her not to turn it back on.

The evidence shows that the interior walls, ceilings, doors and contents of the house were discolored by smoke. There was no evidence that a fire occurred.

Appellant argued that the damage was not caused by the heating/cooling unit but was the result of a smouldering fire, of other origin, within the house.

On April 20, 1978, appellee filed suit, alleging that appellant had committed deceptive trade practices and unconscionable acts.

Appellee alleged and introduced evidence to show that the smoke was caused by the installer's failure to provide for a combustion air opening in the ceiling of the unit's closet, and that a proper opening would have separated combustible air from the air circulating through the house.

Appellant conceded that it did not obtain either an installation permit or a final inspection by the city, since appellant holds no city license entitling it to perform the work of installing air conditioning units in homes. Appellant delegated the task to the independent contractor.

In response to special issues the jury found that the unit was not properly installed so as to be suitable for its intended purposes; that the failure to properly install the unit was the proximate cause of appellee's damages; that appellant, through its representative, had told appellee it would secure permits and obtain final inspection of the installation; that the failure to do so was the producing cause of appellee's damages; and that appellant's failure was an unconscionable act.

The jury awarded Mrs. Hurst $12,543.44 for actual damages to her property and person plus attorney's fees.

The judgment of the trial court trebled the damages, but did not award attorney fees.

The jury's answers to special issues 1 and 2 find that the heating/cooling unit was not properly installed, which was a proximate cause of appellee's damages.

The evidence, however, is uncontroverted that the unit was installed by an independent contractor, not the appellant. The installer was not a party to the suit.

Appellant's liability stems from the jury's answers to special issues 3 and 5.

Special issue 3, and the jury's answer, is:

"If you have answered Question No. 1 'It was not properly installed,' and only in that event, then answer Question No. 3.

"QUESTION NO. 3:

"Did defendant's representative, Grimmitt, tell plaintiff before the work began that defendant would secure a permit from the City of Fort Worth to install the heating and cooling unit in her home, and would get the work inspected by city inspectors?

"Answer 'He did' or 'He did not'

"Answer: He did."

Appellant unsuccessfully urged written objections to special issue 3 on the ground that the conduct described therein is not a

per se violation of the Deceptive Trade Practices Act.

The same ground is urged in appellant's ninth point of error, which we sustain.

While DTPA § 17.46(b) is a list of deceptive trade practices the list is not all-inclusive. *Cravens v. Skinner*, 626 S.W.2d 173 (Tex.App.—Fort Worth 1981, no writ.)

Special issue 3 does not specifically describe conduct listed in § 17.46(b). Therefore the conduct could not be deceptive as a matter of law.

■ When the exact conduct alleged is not listed in § 17.46(b), the jury is required to determine, in separate issues, (1) whether the act occurred and (2) whether it was deceptive. *Spradling v. Williams*, 566 S.W.2d 561 (Tex.1978).

Special issue 3 meets only the first requirement.

■ There is no finding that the conduct described in special issue 3 was deceptive.

Appellant's eleventh point of error asserts that there is insufficient and no evidence to support the jury's answer to special issue 5; or, alternatively, the finding is against the great weight and preponderance of evidence.

We agree.

Special issue 5, and the jury's answer, is:
"If you have answered Question No. 1 'It was not properly installed,' and only in that event, then answer Question No. 5.
"QUESTION NO. 5:
"Was the failure of defendant to secure a permit from the City of Fort Worth to install the heating and cooling unit in plaintiff's home, and to get the work inspected by city inspectors 'unconscionable action or course of action'?
'Unconscionable action or course of action' means an act or practice which, to a person's detriment takes advantage of the lack of knowledge, ability, experience, or capacity of a person to a grossly unfair degree.
"Answer: 'It was unconscionable action or course of action' or
'It was not unconscionable action or course of action.'

"Answer: It was unconscionable action or course of action."

The evidence is uncontroverted that (a) appellant was not licensed by the city to obtain the permit and inspection; (b) those activities may be the pursuits only of persons licensed; and (c) appellant was not eligible to obtain a license.

There is no special issue asking the jury to decide whether the assertions by appellant's representative that it would obtain an installation permit and city inspection were (1) misrepresentations at the time they were made, and (2) therefore unconscionable.

Instead, special issue 5 asks only whether appellant's *failure to perform* the acts was unconscionable.

■ While appellant's *failure to perform* these acts may constitute breach of contract, a breach is not unconscionable per se. *Coleman v. Hughes Blanton, Inc.*, 599 S.W.2d 643 (Tex.Civ.App.—Texarkana 1980, no writ).

However, there is no finding that appellant's representations as to permit and inspection became part of the contract between appellant and appellee. Neither was there showing that the representations induced appellee to enter into the contract.

■ Since the city ordinances did not permit the unlicensed appellant to obtain permits and inspections, we must conclude that as a matter of law, appellant's *failure* to do that which was impossible under the ordinance cannot be "unconscionable" conduct.

We conclude that since the case was tried and submitted on a deceptive trade practices theory, and not on breach of contract, special issue 3 is inadequate to support the judgment, absent a separate finding that the conduct described in the issue was deceptive.

We also conclude that, having considered all of the evidence relative to special issue 5, the evidence is insufficient to support the finding.

For these reasons, we sustain the ninth and eleventh points of error and reverse the judgment and remand for re-trial.

We do not reach appellee's cross-point.

## OPINION ON MOTION FOR REHEARING

Appellee has filed a motion for rehearing assigning ten points of error.

Pursuant to Tex.R.Civ.P. 455, appellee also requests that we make and file supplemental findings upon evidentiary matters, that is, "why the evidence is so weak that the jury finding to Special Issue 5 should be set aside."

■ Rule 455 does not require that we make evidentiary findings or repeat the evidence of the trial court record. *City of Beaumont v. Graham*, 441 S.W.2d 829 (Tex. 1969); *Moore v. Copeland*, 478 S.W.2d 573 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd. n.r.e.).

Appellee's motion for rehearing incorrectly construes our original opinion as "holding that a representation must be a misrepresentation at the time it was made in order to show an unconscionable action under Section 17.45(5) of the DTPA." We did not so hold.

We did hold that the appellant's failure to perform acts which a city ordinance did not allow appellant to do cannot be unconscionable conduct. The evidence established that the acts appellant failed to perform could not have been accomplished without violating the city ordinance. Indeed, the city's complicity in violating its own ordinance would have been necessary before the appellant could have performed the acts of obtaining a city permit and inspection of the air conditioning unit's installation.

Unconscionability therefore would not have been in the appellant's failure to do that which it was not legally permitted to do. Unconscionability, if it existed, would have been in the representation that acts it could not legally perform, would be accomplished.

Our original opinion observes that the jury was not asked to find whether there was a misrepresentation that was unconscionable. Appellee incorrectly equates that observation to a holding that the DTPA requires proof of intent to deceive. Such proof is not required by the DTPA, nor did we hold that it is required.

Special issue 5 asked only if appellant's failure to obtain a city permit and inspection was unconscionable conduct.

We held that there is no actionable conduct under the DTPA in failing to do that which was legally impossible. There may be actionable conduct in misrepresenting that the impossible will be done, although the jury in this case was not asked to make that determination.

Appellee contends that the instant case is controlled by *Smith v. Baldwin*, 611 S.W.2d 611 (Tex.1980), because the DTPA violations there included a building contractor's failure to obtain a Veteran's Administration inspection and approval as required by his contract. *Smith* is distinguishable, however, since the acts which the defendant in that case failed to perform were not shown to have been beyond his power to accomplish lawfully.

Appellee's motion for rehearing is overruled.