Emma Jean HURST, Petitioner,

v.

SEARS, ROEBUCK & COMPANY,
Respondent.

No. C–1479.

Supreme Court of Texas.

March 16, 1983.

Longley & Maxwell, Joe K. Longley, Austin, Charles Dickens, Fort Worth, for petitioner.

Jearl Walker, Fort Worth, for respondent.

POPE, Chief Justice.

This appeal of a Deceptive Trade Practices suit involves the adequacy of the special issues and the legal sufficiency of the evidence. Emma Jean Hurst sued for and obtained a judgment against Sears, Roebuck and Company. The court of appeals reversed that judgment. 635 S.W.2d 856 (Tex.App.—Fort Worth 1982). We reverse the court of appeals judgment and remand the cause to the court of appeals for further findings.

In June 1975, Emma Jean Hurst purchased a central heating and cooling unit from Sears. Her contract provided that Sears would install the unit in her home. A Sears representative told Hurst that Sears would secure an installation permit from the City of Fort Worth and get the work inspected by city inspectors. A contractor, hired by Sears, installed the unit but failed to get a permit or an inspection. In April 1977, Hurst's home was damaged by soot emanating from the vents of the heating unit. Hurst then filed this suit against Sears under the Deceptive Trade Practices—Consumer Protection Act (DTPA).[1]

The jury found that the heating and cooling unit was not properly installed, the faulty installation was a proximate cause of Hurst's damages, a Sears representative told Hurst that Sears would secure an installation permit and get the work inspected by city inspectors, the failure to secure a permit and get the work inspected was a producing cause of Hurst's damages, Sears' failure to secure a permit and get the work inspected was an unconscionable course of action, and such action was a producing cause of Hurst's damages.

The jury determined Hurst's damages to be $1,352.94 for smoke damage to the walls and ceilings of her house, $1,190.50 for smoke damage to her draperies and clothes, and $10,000 for her physical pain and suffering. The jury also determined reasonable attorney fees of $7,500 for the trial, $1,000 if the case was appealed to the court of appeals, $500 if application for writ of error was made to the supreme court, and $500 if the application for writ of error was granted.

The trial court rendered judgment for the smoke damage and Hurst's physical pain and suffering, and then trebled that amount as required by the provisions of the DTPA then in effect.[2] The trial court did

---

1. All references to the DTPA may be found in Tex.Bus. & Com.Code Ann. §§ 17.41–.63.

2. Under present law, only the first $1,000 of actual damages is automatically trebled. The trier of fact has discretion to treble actual damages in excess of $1,000 if it finds that the

not award attorney fees. The court of appeals reversed the judgment and remanded the cause for a new trial.

Hurst has appealed to this court, arguing that the evidence and jury findings entitle her to recover damages under either of two theories: (1) that Sears engaged in unconscionable conduct, which is actionable under section 17.50(a)(3) of the DTPA, and (2) that Sears engaged in a deceptive trade practice, which is actionable under section 17.50(a)(1) of the DTPA. Hurst also urges that she is entitled to attorney fees.

Sears' acts of misconduct occurred in June 1975. We will apply the statutory provisions that were in effect at the time those acts occurred. *See Riverside National Bank v. Lewis,* 603 S.W.2d 169, 172 (Tex. 1980).

## I. UNCONSCIONABLE CONDUCT

Hurst argues that Sears' unconscionable conduct was established by special issue 5, which asked:

Was the failure of defendant to secure a permit from the City of Fort Worth to install the heating and cooling unit in plaintiff's home, and to get the work inspected by city inspectors "unconscionable action or course of action"?

"Unconscionable action or course of action" means an act or practice which, to a person's detriment takes advantage of the lack of knowledge, ability, experience, or capacity of a person to a grossly unfair degree.

Answer: It was unconscionable action or course of action.

The court of appeals observed that Sears could not possibly have obtained the installation permit. A Fort Worth city ordinance restricts the issuance of installation permits to holders of valid mechanical and air conditioning licenses. These licenses are only issued to individuals, not business entities. Since Sears did not have a license, it could not obtain an installation permit. From

deceptive actions of the defendant were committed knowingly. See section 17.50(b)(1) of

these facts, the court of appeals concluded that "as a matter of law, appellant's *failure* to do that which was impossible under the ordinance cannot be 'unconscionable' conduct." 635 S.W.2d at 858.

■ We reject the court of appeals conclusion for two reasons. First, it was possible to obtain an inspection and permit. Although Sears itself could not have obtained these services, its licensed installer was qualified to obtain them. Second, impossibility of performance does not, as a matter of law, preclude unconscionable conduct. For example, a person's failure to do the impossible could be unconscionable if he promised to perform services, knowing they were impossible to perform. The court of appeals was wrong in holding as a matter of law that Sears' conduct could not be unconscionable.

## II. DECEPTIVE TRADE PRACTICES

■ Hurst argues that special issue 3 established a per se deceptive trade practice. Special issue 3 asked:

Did defendant's representative, Grimitt, tell plaintiff before the work began that defendant would secure a permit from the City of Fort Worth to install the heating and cooling unit in her home, and would get the work inspected by city inspectors?

Answer: He did.

Hurst contends that the defendant's representation found in the special issue, coupled with the undisputed failure to secure a permit and inspection, constituted a violation of subdivision (7) of the "laundry list" of per se deceptive trade practices, found in section 17.46(b) of the DTPA. That subdivision states that deceptive practices include:

(7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

the DTPA.

The court of appeals held that the representation in special issue 3 was not a per se deceptive trade practice. We disagree because this case is indistinguishable from *Smith v. Baldwin,* 611 S.W.2d 611 (Tex. 1980). Baldwin represented to Smith that he would build Smith a house that would qualify for Veterans Administration approval. Baldwin assumed responsibility for obtaining a V.A. inspection. After a non-jury trial, the trial court found that Baldwin never obtained a final inspection report showing compliance with V.A. requirements. We held that Baldwin's conduct violated subdivision (7).

Sears, like Baldwin, represented that it would obtain the approval of the appropriate governmental authority. The representation contained an implicit promise to comply with government standards. The failure to fulfill the representation was a violation of section 17.46(b)(7) and was a per se deceptive trade practice.

### III. ATTORNEY FEES

■ Hurst argues that she is entitled to attorney fees based on the jury's answer to special issue 8, which provided for reasonable attorney fees for services rendered in the trial court and services to be rendered in the appellate courts.

Sears argues that special issue 8 was inadequate because it failed to limit attorney fees to those fees that were necessary as well as reasonable. We do not agree. At the time of Sears' misconduct, section 17.-50(b)(1) of the DTPA authorized prevailing consumers to recover "attorneys' fees reasonable in relation to the amount of work expended." 1973 Tex.Gen.Laws, ch. 143, § 1 at 327.[3] Special issue 8 required the jury to determine reasonable attorney fees "for services rendered" in the trial court and appellate courts. Although it would have been preferable to track the language

of the statute, the special issue submitted by the trial court was sufficient to comply with the statute.

■ Sears also argues that Hurst waived any error in the trial court's exclusion of attorney fees by failing to present the court with a motion for judgment on the jury verdict, failing to present a motion to modify, correct, or reform the judgment, and failing to take a bill of exception to the trial court's ruling.

The record shows that Hurst filed a motion for judgment that prayed for attorney fees. Hurst also filed a trial brief supporting her right to attorney fees. The trial court did not grant Hurst's motion for judgment but instead, rendered judgment that excluded attorney fees.

Rule 373 of the Texas Rules of Civil Procedure requires that at the time an order of the court is made or sought, a party should make known to the court the action that he desires the court to take and the grounds therefor. The record reflects that Hurst satisfied this requirement and did not waive her claim for attorney fees.

### IV. SEARS' CROSS-POINTS

■ In a cross-point, Sears argues that it is not liable for deceptive trade practices or unconscionable conduct because Hurst failed to submit an issue on whether she was adversely affected by Sears' conduct. At the time of Sears' misconduct, section 17.50(a) of the DTPA authorized a private cause of action if a consumer had been "adversely affected" by the deceptive trade practices or unconscionable actions of another. 1973 Tex.Gen.Laws, ch. 143, § 1 at 326.[4] The trial court submitted special issues inquiring whether Sears' unconscionable conduct and failure to secure an inspection and permit were producing causes of Hurst's damages, if any. The jury's affirmative findings on the producing cause issues

3. In 1979, the Legislature amended the DTPA to provide "reasonable and necessary attorneys' fee." See section 17.50(d) of the DTPA. This amendment does not apply to this case because it was not in effect at the time of Sears' misconduct.

4. In 1979, the Legislature replaced the provision requiring adverse effect with a provision requiring the defendant's deceptive practice to be a "producing cause" of the consumer's damages. See section 17.50(a) of the DTPA.

were sufficient to satisfy the statute's requirement that Hurst be adversely affected by Sears' conduct. *Riojas v. Lone Star Gas Co.,* 637 S.W.2d 956, 959 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.).

In other cross-points, Sears argues that the trial court erred in awarding damages for physical pain and suffering because there was no evidence or the evidence was insufficient to support the jury finding, and in the alternative, the amount of damages was manifestly too large. Hurst testified that the smoke from the heating unit caused her to cough, made her stomach ache, and gave her headaches for two or three months. We reject Sears' argument that there was no evidence of physical pain and suffering. The sufficiency of the evidence and the excessiveness of the damages awarded for pain and suffering are questions of fact over which this court has no jurisdiction. Tex.Rev.Civ.Stat.Ann. arts. 1728, 1821; *see* Hart, "The Appellate Jurisdiction of the Supreme Court of Texas," in State Bar of Texas, *Appellate Procedure in Texas* § 25.2 (1979). Since the court of appeals did not address these two questions, we must remand the cause to that court for a ruling on them.

Sears also questions the sufficiency of the evidence supporting the jury finding of unconscionable conduct in special issue 5. We do not remand this question to the court of appeals because Hurst has established an independent ground of recovery in special issue 3 for a per se deceptive practice.

Sears does not challenge the sufficiency of the evidence supporting the jury's determination of the damages to Hurst's house, draperies, and clothing. Nevertheless, we cannot render judgment for Hurst for these damages because Sears' liability may have to be redetermined in a new trial. On remand, the court of appeals may find insufficient evidence to support the jury finding on Hurst's physical pain and suffering

and order a new trial. Rule 434 of the Texas Rules of Civil Procedure provides that a separate trial on unliquidated damages alone shall not be ordered if liability issues are contested. Sears contested its liability in the trial court, the court of appeals, and this court. If the court of appeals finds insufficient evidence of physical pain and suffering, it must remand on the liability issues as well as the damage issues. Since Sears' liability may be subject to a new trial, we cannot render judgment for any of Hurst's damages or attorney fees.

We reverse the judgment of the court of appeals[5] and remand the cause to that court to determine the sufficiency of the evidence supporting the jury finding on Hurst's physical pain and suffering and whether the damages awarded for pain and suffering are excessive.

---

5. The court of appeals judgment remanded the cause for a new trial. The court held as a matter of law that the failure to do the impossible could not be unconscionable and that the special issues did not establish a deceptive trade practice. If the court had been correct, the proper disposition would have been to render a take nothing judgment, rather than remand.