SEARS, ROEBUCK & CO., Appellant,

v.

Emma Jean HURST, Appellee.

No. 18618.

Court of Appeals of Texas,
Fort Worth.

May 12, 1983.

Rehearing Denied June 16, 1983.

Jearl Walker, Fort Worth, for appellant.

Longley & Maxwell and Joe K. Longley, Austin, for appellee.

Before HUGHES, JORDAN and BURDOCK, JJ.

## OPINION

JORDAN, Justice.

Emma Jean Hurst brought a Deceptive Trade Practices Act suit against Sears, Roebuck & Company for damages she allegedly suffered due to smoke and soot which emanated from a central heating and cooling unit which she purchased from and had installed by Sears. Sears appealed the adverse judgment to this court which reversed and remanded for a new trial on the grounds that the special issues upon which the trial court rendered judgment for Hurst were either inadequate to support the judgment or were not supported by sufficient evidence. *Sears, Roebuck & Co. v. Hurst,* 635 S.W.2d 856 (Tex.App.—Fort Worth 1982). By application for writ of error, Hurst argued that this court erred in reversing the judgment of the trial court. The Supreme Court, 647 S.W.2d 249, granted Hurst's application for writ of error and reversed the judgment of this court, finding that the special issues submitted to the jury regarding alleged DTPA violations by Sears, answered in Hurst's favor, were proper, were supported by sufficient evidence and supported the judgment. The case is now before this court on remand for the determination of issues regarding the award of damages for pain and suffering awarded Hurst by the jury.

We reverse and remand for new trial.

■ The questions before this court on remand are whether or not the evidence was sufficient to support a jury finding that Hurst sustained physical pain and suffering due to Sears violation of the DTPA and whether the $10,000 awarded by the jury for such damages is excessive. We first consider the sufficiency of evidence question. In answer to special issues, the jury found that Sears had undertaken to sell and install a central heating and cooling system in the Hurst home, that it had improperly installed such system, that its failure to do so was pursuant to an unconscionable course of conduct and that certain smoke and soot which emanated from the improperly installed system resulted in damage to Hurst's home and caused Hurst to endure physical pain and suffering. In considering a sufficiency of the evidence point, the court must examine the entire record to determine if the jury finding should be sustained. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (Tex.1951). A review of the record in the case at hand shows that the only testimony as to Hurst's pain and suffering comes from Hurst herself, where she testified that the improperly installed central air system was the cause of her suffering in answers to questions posed on direct examination:

Q. How did this smoke affect you that morning? You stated that you heard Ronnie coughing. How did the smoke and fumes affect you?

A. It affected me also.

Q. In what manner?

A. I was coughing, too.

Q. Did it do anything else to you?

A. It made me sick.

Q. In what manner, Mrs. Hurst?

A. My head was hurting and my stomach was hurting, too.

Q. And what else, if anything?

A. Well, it really—Well, it caused my mind—I kept my mind on it all the time after then.

Q. All right. How long did your head hurt?

A. Oh, my. All of that, about two or three months.

We hold that while this testimony is some evidence of damages, it is insufficient to support the verdict. In a case such as this, where there is no medical testimony as to the cause of an injury to the plaintiff, the evidence must be such that a lay jury could determine from common experience, with reasonable probability, that the damages arose from the acts of the defendant. *Lenger v. Physician's General Hospital, Inc.,* 455 S.W.2d 703 (Tex.1970). We conclude in this case, Hurst failed to properly prove with reasonable probability, that the pain and suffering for which damages were awarded were caused by the acts of the defendant. In *Orkin Exterminating Co., Inc. v. Davis,* 620 S.W.2d 734 (Tex.Civ.App. —Dallas, 1981, writ ref'd, n.r.e.), the plaintiff testified that he was involved in a vehicle collision with an Orkin truck. The jury found that Orkin was 65% negligent. The plaintiff testified that he suffered an injury to his back due to the collision and that the injury and resultant pain and suffering were totally due to the collision. There was no medical testimony connecting the accident and the injuries. In reversing and remanding because of insufficient evidence of damages, the court held that the conditions existing in that case were such that a lay jury could not determine from common experience that the injuries were caused with reasonable medical probability by the accident. The evidence in the present case is even less supportive of the verdict than in Orkin. While there is little question that a lay jury could conclude that smoke and soot can be the cause of coughing, we cannot see that common experience would lead a jury member to the conclusion that smoke and soot coming from a central heating and cooling system could cause head and stomach aches for some two or three months thereafter. In light of *Orkin,*

*supra,* we are of the opinion that Mrs. Hurst's conclusion that her physical problems were totally the result of the improperly installed central air system, standing alone, is not sufficient to support the jury award of $10,000 for pain and suffering.

Because we find that the evidence was insufficient to support the jury award for damages connected to Hurst's pain and suffering, it is unnecessary for us to rule on the question of whether the award of $10,000 was excessive.

The cause is reversed and remanded for a new trial on all liability and damage issues. Tex.R.Civ.P. 434.