Miguel ALVARADO, Appellant,

v.

Thomas J. REIF, Appellee.

No. 11–89–058–CV.

Court of Appeals of Texas,
Eastland.

Dec. 28, 1989.

Joseph Montemayor, Montemayor & Montemayor, Dallas, for appellant.

Margaret F. Bowman, Grimm & Cochran, Dallas, for appellee.

## OPINION

ARNOT, Justice.

On June 7, 1986, appellant, Miguel Alvarado, was involved in an automobile collision with appellee, Thomas J. Reif. Appellee filed suit against appellant in Dallas County Court at Law No. 3 on June 3, 1988. Appellant was properly served with citation but failed to respond by the required answer date. Appellee subsequently obtained a default judgment against appellant on August 9, 1988. On September 9, 1988, (one day after the period allowed by TEX.R.CIV.P. 329[a]), appellant filed a motion for new trial and to vacate default judgment urging the elements stated in *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939). The trial court ruled that the judgment had become final on September 8, 1988; therefore, it lacked any jurisdiction to vacate the default judgment. In his writ of error, appellant complains that: (1) the trial court erred in denying appellant's motion for new trial and (2) the trial court erred in declaring that the default judgment was final because it was never made a part of the record by the court reporter. We affirm as to appellant's liability but reverse and remand for a new trial on the damage issue.

On appeal by writ of error to set aside a default judgment, appellant is limited to review of errors which appear on the face of the trial court record which would indicate the invalidity of the judgment. See *Roe v. Doe,* 607 S.W.2d 602, 603 (Tex. Civ.App.–Eastland 1980, no writ), and cases cited therein. In his first two points of error, appellant argues that the trial court erred by failing to grant his motion for new trial. A motion for new trial alleging grounds as set out in *Craddock v. Sunshine Bus Lines, supra,* is controlled by principles of equity, and the trial court's ruling will be reviewed by an abuse of discretion standard. *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984). Alvarado filed his motion for new trial on the 31st day. An untimely motion for new trial is void. The trial court was without plenary power to grant the motion. TEX.R.CIV.P. 329b(f). The trial court cannot be found to have "abused its discretion" when it had "no discretion" to have granted an untimely motion for new trial. Therefore, appellant's first two points of error are improper for consideration in an appeal by writ of error and are overruled.

In his third point of error, appellant argues that the default judgment should be reversed and the cause remanded for trial because the official court reporter made no record of the proceedings.

Appellant, in his brief, alleges that the court reporter, Sandra Kennamer, made no record of the proceedings in this case and that she verified this fact by certificate dated January 13, 1989. This certificate does not appear in the record before us. We will accept this fact as correct because it was not challenged by the appellee in his brief. TEX.R.APP.P. 74(f).

At trial, appellee introduced an affidavit executed by Robert Clark, an employee of an insurance company. Clark recites that he retained the services of an automobile repair specialist and that the specialist gave him an estimate of $10,016.44 to re-

pair appellee's vehicle. Appellee urges that this affidavit is an instrument in writing which makes the repair estimate a liquidated damage under TEX.R.CIV.P. 241. We disagree.

A liquidated claim under Rule 241 is a demand for an amount "which has been ascertained or settled by agreement of the parties or otherwise." See *Freeman v. Leasing Associates, Inc.*, 503 S.W.2d 406, 408 (Tex.Civ.App.–Houston [14th Dist.] 1973, no writ); *Western Lumber Co. v. Chicago R.I. & G. Ry. Co.*, 180 S.W. 644, 646 (Tex.Civ.App.—Amarillo 1915, no writ). A repair estimate is not a liquidated damage. Appellee's affidavit is not a writing as contemplated by Rule 241.

■ A default judgment does not admit allegations of damages unless the claim is "liquidated and proved by an instrument in writing." Rule 241. If the claim is unliquidated, the court must "hear evidence as to damages." TEX.R.CIV.P. 243; *Southern S.S. Co. v. Schumacher Co.*, 154 S.W.2d 283, 284 (Tex.Civ.App.—Galveston 1941, writ ref'd w.o.m.). If an appellant exercises due diligence and through no fault of his own is unable to obtain a record of the evidence, a new trial may be required in order to preserve his right to appellate review. *Rogers v. Rogers*, 561 S.W.2d 172, 173–74 (Tex.1978).

■ There being no record of the unliquidated damages, we are unable to adequately review the award; therefore, a reversal and remand for a new trial as to this issue of damages is required. TEX.R. APP.P. 81(b)(1); *Bertsch & Company, Inc. v. Spells*, 687 S.W.2d 826, 828 (Tex.App.— Eastland 1985, writ ref'd n.r.e.); *Mo–Vac Service, Inc. v. Marine Contractors & Supply, Inc.*, 586 S.W.2d 573, 576 (Tex.Civ. App.—Corpus Christi 1979, writ ref'd n.r. e.); *Wallace v. Snyder National Bank*, 527 S.W.2d 485, 487–88 (Tex.Civ.App.— Eastland 1975, writ ref'd n.r.e.).

The judgment of the trial court is affirmed as to the issue of appellant's liability. The judgment is reversed, and the cause is remanded for a new trial on the issue of damages.