CITIES SERVICES
COMPANY, Appellant,

v.

Tommy L. ELLISON, Appellee.

No. A14–85–136–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 22, 1985.

Rehearing Denied Sept. 19, 1985.

Kent Westmoreland, of Ross, Griggs & Harrison, Houston, for appellant.

David H. Burrow, of Gibbons, Burrow & Bratton, Houston, for appellee.

J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is a personal injury case. Appellee, Tommy L. Ellison, sued appellant, Cities Services Company, for negligence in connection with injuries sustained in an oil field accident. The trial was to the court and judgment was entered for appellee in the amount of $280,000. We affirm.

Appellant brings three points of error. It alleges in points of error one and two the trial court erred in granting appellee's motion for judgment because there was no evidence, or insufficient evidence, causally connecting the accident to appellee's injuries. In its last point of error, appellant asserts that the trial court erred in refusing to make additional findings of fact and conclusions of law.

This case involves a claim for damages resulting from an oil field incident which occurred on February 21, 1977. Appellee claims his personal injuries resulted from the negligence of James Phillips, appellant's sole representative at the drilling site.

Appellee was injured on a drilling rig operated by Butler Drilling Company, while in the process of drilling a well for Cities Services Company. Appellee was employed by Butler Drilling Company and was a lead tong operator on the drilling rig on the date of his injury. The drilling crew encountered several problems. The crew found that it had to pull the drilling pipe from the hole in order to improve circulation in the hole. They also found that the cathead, the power source for unscrewing the drill pipe, did not release properly. Mr. J. B. Lofton, driller for Butler Drilling Company, attempted to repair the malfunctioning unit by replacing the air control valve on the driller's panel. However, the cathead was still not releasing properly. Mr. Lofton asked permission of Mr. Phillips, the drilling supervisor for Cities Services Company, to shut down the drilling operation for repairs before someone was injured. Mr. Phillips refused to shut down the rig and insisted that Butler Drilling maintain continuous operations. When the crew attempted to remove another section of the pipe the cathead did not release properly, causing the tongs to pull off the pipe and strike appellee in the chest and abdomen. He was thrown into the drawworks and suffered extensive injuries to his lungs, ribs, abdomen, back, kidneys, spleen, colon, and pancreas, with resulting recurrent wound complications and a large disfiguring scar on his abdomen.

Appellant asserts that there was insufficient evidence to connect the accident to appellee's injuries. In considering factual insufficiency points of error, the court examines the whole record to determine not only that there is some evidence to support the finding, but also to determine whether, considering all the evidence, the finding is not manifestly unjust. If it is so weak that the finding is manifestly unjust the court will sustain the point. *Burnett v.*

*Motyka,* 610 S.W.2d 735 (Tex.1980); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

Appellant alleges that there is no connection between appellee's physical problems and the accident which occurred seven years ago. We find that there was sufficient evidence linking all of appellant's injuries to the 1977 oil rig accident. Appellee testified that he was taken by ambulance to Grimes County Memorial Hospital in Navasota, Texas, where he was hospitalized for approximately 20 days. Appellee testified that following his accident the doctors discovered that his kidneys were damaged and his ribs were broken. He also stated that his colon was resectioned and his spleen was removed. He explained that in 1980 he was admitted into Pasadena General Hospital because draining sinuses developed in the surgical scar and that additional surgery was required. At the time of the accident he had worked for Butler Drilling for one year. At trial appellee testified that he can no longer work a full day due to his injuries.

Appellee's wife testified that since appellee's accident he does not sleep through the night and he cannot eat a complete meal without using the restroom. They also have had to give up skating and riding horses since the accident.

Teresa McCaslin, a private rehabilitation counselor, interpreted appellee's medical records. The documents included records from appellee's 1977 hospitalization in Grimes Memorial Hospital, where his treating physician was Dr. Leonard Coleman, and Pasadena General Hospital, where the treating physician was Dr. Phillip Somers. McCaslin's interpretation reflected the same injuries that appellee recalled, as well as some kidney damage, lung problems and removal of a portion of the pancreas. He also had some bowel problems which later resulted in a stress ulcer. McCaslin stated that appellee developed an inguinal hernia due to his spleen and colon surgery and related drainage difficulties. The hernia, ulcers, and sinuses must relate only to the 1977 surgery since appellant had no other

surgical history. McCaslin also testified that appellee could not hold any job on a full-time basis. His prior occupation, plumbing, presented too many physical limitations.

The testimony of the three witnesses, along with the medical records, constituted sufficient information to establish a causal connection between appellee's accident and his injuries. Appellant argues that medical testimony is needed in the instant case to establish a causal connection. Generally, lay testimony which establishes a sequence of events with a strong, logically traceable connection between the event and the condition is sufficient proof of causation. *Morgan v. Compugraphic Corp.,* 675 S.W.2d 729 (Tex.1984). It is true that medical testimony is required to prove the causal connection between accident and injury when a layman cannot conclude with reasonable probability that the damages arose from the acts of the defendant. *Sears, Roebuck & Co. v. Hurst,* 652 S.W.2d 563, 565 (Tex.App.—Fort Worth 1983, writ ref'd n.r.e.). However, in the instant case a layman could conclude with reasonable probability that the damages arose from appellant's negligence. Point of error one and two are overruled.

In its third point of error, appellant argues that the court erred in refusing to make additional findings of fact and conclusions of law submitted by it because they related to the ultimate controlling issues in the case.

Rule 298 of the Texas Rules of Civil Procedure provides:

After the judge so files original findings of fact and conclusions of law, either party may, *within five days,* request of him specified further, additional, or amended findings; and the judge shall, within five days after such request, and not later, prepare and file such further, other or amended findings and conclusions *as may be proper,* whereupon they shall be considered as filed in due time. Notice of the filing of the request provided for herein *shall be served on the*

*opposite party* as provided in Rule 21a or 21b. (Emphasis Added.)

When a party fails to make a timely request for additional findings of fact and conclusions of law in accordance with the rule, such party is deemed to have waived his right to complain on appeal of the court's failure to enter additional findings. *Lettieri v. Lettieri,* 654 S.W.2d 554 (Tex. App.—Fort Worth 1983, writ dism'd). Appellant filed his proposed findings of fact and conclusions of law on December 26, 1984. Appellee filed his version on December 27, 1984. The court signed appellee's findings of fact and conclusions of law on December 27, 1984, four days before the judgment was signed and filed on December 31, 1984. Appellant does not complain of any premature findings of fact and conclusions of law in his points of error, but he only complains in regard to his request for additional findings of fact and conclusions of law. Appellant filed his request for additional findings and conclusions on January 4, 1985, eight days after the judge signed and filed appellee's findings and conclusions. This time limit for requesting additional findings of fact is clearly defined in TEX.R.CIV.P. 298. Since appellant did not make his request within the five day limit, his right to complain of such refusal is waived. *Lykes Brothers Steamship Co. v. Benben,* 601 S.W.2d 418 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.); *Byrd v. Smyth,* 590 S.W.2d 772 (Tex.Civ. App.—El Paso 1979, no writ). Point of error three is overruled.