Affirmed and Memorandum Opinion filed September 2, 2004









Affirmed and Memorandum Opinion filed September 2,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00123-CV

____________

 

LINDA ANN JOHNSON, Appellant

 

V.

 

FRANKIE L.
CHANDLER,
Appellee

 



 

On Appeal from Probate Court No. 4

Harris County, Texas

Trial Court Cause No.
323,647-401

 



 

M E M O R A N D U M   O P I N I O N

This is an equitable adoption case in
which appellant, Linda Ann Johnson, contends she was an adopted daughter and
only heir of Bessie Mae Brown.  After a bench trial, the judge
concluded appellant was a niece and not an adopted child of the decedent, and
therefore, not entitled to any portion of the inheritance.  Appellant argues the trial court erred by not
declaring she was the adopted daughter of the decedent and by dividing the
estate between the decedent=s siblings.  We affirm.

 








Factual and Procedural Background

Appellant was born in November 1957 to Josie Brown Jefferson
and Bernest Jefferson.  When appellant
was three months old, she began living with Oscar Brown and Bessie Mae Brown,
her biological aunt and uncle.  Oscar and
Bessie Brown reared appellant, provided for her education, and otherwise cared
for appellant=s needs.  Appellant testified that Bessie told her she
was adopted and appellant always believed she was adopted by Oscar and
Bessie.  Appellant married and had four
children, who referred to Oscar and Bessie as their grandparents.  Oscar and Bessie even raised appellant=s oldest child until he graduated
from high school.  

Oscar died intestate on June 9, 2000 and Bessie died intestate
on July 1, 2001.  Appellant filed an
application to determine heirship on July 17, 2001, claiming entitlement to a
one hundred percent undivided interest in Bessie=s estate because of her status as the
decedent=s daughter.  Appellee Frankie Chandler responded by filing
a general answer, denying all of the allegations contained in the application
filed by appellant.  The case was tried to
the court on October 15, 2002.  The trial
court entered its judgment declaring heirship on December 23, 2002, holding
that because appellant failed to prove she was equitably adopted, she was not
an heir to the estate.  The court further
held the heirship of the decedent had been proven and awarded the decedent=s sisters, Frankie Chandler and
Jimmie Crownover, each a one-half interest in the estate.  Pursuant to appellant=s request, the trial court entered
findings of fact and conclusions of law. 
The trial court=s findings of fact and conclusions of law are as follows:

Findings of Fact

1.         Bessie Mae McKinney Brown died intestate July 1, 2001.  Mrs. Brown was married to Oscar Brown who
predeceased her on June 9, 2000.  Mr.
Brown also died intestate.  Mrs. Brown
had no children.

2.         Linda Ann Johnson was born November 27, 1957 and is the
biological daughter of Bernest Jefferson and Josie Brown Jefferson.

3.         Josie Brown Jefferson is the sister of Oscar Brown.








4.         Linda Ann Johnson is the niece of Oscar Brown.

5.         Linda Ann Johnson was told that she was adopted and
considered Bessie Brown and Oscar Brown to be her mother and father.  There was no attempt by Bessie Brown to
formally adopt Linda Ann Johnson.

6.         Linda Ann Johnson was three months old when she began living
with Bessie Brown.

7.         There was no agreement between Linda Ann Johnson=s biological parents or either of her parents and
Bessie Brown to adopt Linda.

 

Conclusions of Law

1.         Linda Ann Johnson failed to prove that there was an
agreement between her parent and Bessie Brown that she would be adopted and
therefore she is not an heir of Bessie Brown. 


 

By four issues, appellant contends (1) the trial court erred
by awarding an interest in the estate to appellee and appellee=s sister because they did not request
such relief; (2) the trial court=s findings of fact and conclusions of
law are factually and legally insufficient; and (3) the trial court erred by
not entering specific findings of fact and conclusions of law on an alternative
ground of recovery.

Discussion

I.          Division of
the Estate








In her first issue, appellant contends the trial court erred
by awarding an interest in the estate to appellee and appellee=s sister because neither party
requested such relief.  In support of her
contention, appellant relies on Texas Beef Cattle Company v. Green, 921
S.W.2d 203 (Tex. 1996); Gorman v. Life Insurance of North America, 811
S.W.2d 542 (Tex. 1991); Khalaf v. Williams, 814 S.W.2d 854 (Tex. App.CHouston [1st. Dist.] 1991, no writ); Burnett
v. James, 564 S.W.2d 407 (Tex. Civ. App.CDallas 1978, writ dism=d); and City of Floydada v.
Gilliam, 111 S.W.2d 761 (Tex. Civ. App.CAmarillo 1937, no writ).  These cases are inapposite to this case
because none of these cases involve a probate proceeding to declare heirship,
as specifically provided for in the Probate Code.  See Tex.
Prob. Code Ann. '' 48B56 (Vernon 2003).

The Texas Probate Code provides that in a proceeding to
determine heirship, the court may determine and declare who are the heirs of
the decedent and declare their respective shares and interests in the
estate.  Tex. Prob. Code Ann. ' 48. 
The proceedings may be instituted and maintained by any person claiming
to be the owner of the whole or a part of the decedent=s estate, and when such proceedings
are instituted, any unknown heirs and all persons who are named in the
application as heirs shall be made parties to the proceedings.  Tex.
Prob. Code Ann. ' 49.  Further, the
Probate Code provides that Athe judgment of the court in a proceeding to declare heirship
shall declare the names and places of residence of the heirs of the decedent,
and their respective shares and interests in the real and personal property of
such decedent.  If the proof is in any
respect deficient, the judgment shall so state.@ 
Tex. Prob. Code Ann. ' 54. 
Here, appellant filed the application to determine heirship, claiming to
be the owner of the entire interest in decedent=s estate.  Once appellant instituted the heirship
proceedings, the court was required under the Probate Code to declare the heirs
and their respective interest.  Id.  Accordingly, we hold the trial court did not
err in determining appellee and her sister to be heirs to the decedent=s estate.  Appellant=s first issue is overruled.  

II.        Sufficiency
of the Evidence

Because appellant=s second and forth issues are nearly
identical, we will address them simultaneously. 
In these issues, appellant challenges the trial court=s findings of fact and conclusions of
law relating to the existence of an agreement to adopt, claiming (1) there is
no evidence to support the finding; (2) the finding is against the great weight
and preponderance of the evidence; and (3) the existence of an agreement to
adopt was established by undisputed evidence. 
Essentially, appellant is challenging the legal and factual sufficiency
of the evidence to support the trial court=s findings of fact and conclusions of
law.  








A.        Findings
of Fact

The trial court=s fact findings are reviewed for
legal and factual sufficiency of the evidence under the same standards applied
when reviewing evidence supporting jury findings.  Catalina v. Blasdel, 881 S.W.2d 295,
297 (Tex. 1994).  When reviewing a trial
court=s findings of fact, the findings have
the same weight as a jury=s verdict.  Harris
County Appraisal Dist. v. Wilkerson, 911 S.W.2d 84, 86 (Tex. App.CHouston [1st Dist.] 1995, writ
denied).  When challenged on appeal,
however, the findings are not conclusive if there is a complete reporter=s record, in which case, the findings
are conclusive only if supported by evidence of probative force.  In re K.R.P., 80 S.W.3d 669, 673 (Tex.
App.CHouston [1st Dist.] 2002, pet.
denied); Wilkerson, 911 S.W.2d at 86. 
The trial court is the sole judge of the credibility of the witnesses
and the weight to be given their testimony. 
Barrientos v. Nava, 94 S.W.3d 270, 288 (Tex. App.CHouston [14th Dist.] 2002, no
pet.).  Because there is a complete
reporter=s record in this case, the trial
court=s findings will not be disturbed if
there is any evidence of probative force to support them.  Id. 

            In
determining legal sufficiency or Ano-evidence@ issues, we consider only the
evidence and inferences that tend to support the findings and disregard all
evidence and inferences to the contrary. 
Valdez v. Valdez, 930 S.W.2d 725, 730 (Tex. App.CHouston [1st Dist.] 1996, no
writ).  If there is more than a scintilla
of evidence to support the finding, the claim is sufficient as a matter of law,
and any challenges go merely to the weight to be given the evidence.  Spiers v. Maples, 970 S.W.2d 166, 170
(Tex. App.CFort Worth 1998, no pet.).  Thus, we will uphold the finding if there is
some evidence to support it, in other words, when the proof supplies a
reasonable basis on which reasonable minds may reach different conclusions
about the existence of the vital fact.  Id.
(citing Orozco v. Sander, 824 S.W.2d 555, 556 (Tex. 1992)).








When a party who has the burden of proof attacks the factual
sufficiency of the evidence to support an adverse finding, she must demonstrate
that the finding is against the great weight and preponderance of the
evidence.  Mohnke v. Greenwood,
915 S.W.2d 585, 589 (Tex. App.CHouston [14th Dist.] 1996, no writ).  We must consider the entire record and set
aside the verdict only if it is so contrary to the overwhelming weight and
preponderance of the evidence that it is clearly wrong and manifestly
unjust.  Dyson v. Olin Corp., 692
S.W.2d 456, 457 (Tex. 1985); Jackson v. Gutierrez, 77 S.W.3d 898, 902
(Tex. App.CHouston [14th Dist.] 2002, no pet.); Mohnke,
915 S.W.2d at 589.   

Adoption by estoppel may be employed to prohibit the adoptive
parents and their privies from invalidating the status of an adopted child when
either: (1) the parties acted in good faith under an instrument of adoption
that fails to comply with the adoption statute; or (2) an agreement to adopt
existed between the parties, i.e., between the adoptive parent and the child,
or between the adoptive parent and the natural parent.  Cavanaugh v. Davis, 235 S.W.2d 972,
973B74 (Tex. 1951).  The burden is on the proponent to establish
the existence of the equitable adoption by a preponderance of the
evidence.  Moran v. Adler, 570
S.W.2d 883, 885 (Tex. 1978).  An
agreement to adopt must exist before the trial court may apply the equitable
doctrine of adoption by estoppel.  Cavanaugh,
235 S.W.2d at 974.  








In this case, ten witnesses testified at trial, but not one
witness testified Bessie agreed to adopt appellant.  Appellant testified that Bessie told her she
was adopted and the two maintained a very close mother/daughter
relationship.  Appellant also relies
heavily on the testimony of Reverend James Earl Ray, who testified appellant
was Bessie and Oscar=s daughter and they Atook [appellant] out of her
grandmother=s house after she was born.  Her grandfather and her natural mother talked
about it.@ 
Contrary to appellant=s contention, this, however, is not evidence of an agreement
by Bessie to adopt appellant; rather, it is evidence appellant went to live
with her aunt and uncle shortly after her birth.  Appellant=s five other witnesses testified that
Bessie treated appellant as her own daughter and referred to appellant as her
daughter.  One witness, who lived near
the Browns and attended school with appellant, testified she thought appellant
was Bessie=s daughter because Bessie referred to
appellant as her daughter, they maintained a parent/child relationship, and
appellant was known as ALinda Ann Brown.@ 
Additionally, school records introduced during trial show appellant=s name as ALinda A. Brown@ and appellant=s father or guardian as AOscar Brown.@ Further, the obituary for Bessie
Brown refers to appellant as her daughter. 

Appellee, however, testified she was very close with her
sister, Bessie, and that Bessie never once referred to appellant as her
daughter.  Appellee further testified
that she did not meet and never heard Bessie mention appellant until appellant
was a teenager.  Appellee stated that
when Bessie would mention appellant, it was in the context of discussing how
mean appellant was to her.  Two of
appellee=s children, Marylee Chambers and
Royce Mohammed, also testified that they never heard Bessie refer to appellant
as her daughter.  Chambers testified she
did not meet appellant until she was older, despite the fact that as a
teenager, she visited Bessie during the summers for extended periods of time.  Mohammed testified that Oscar and Bessie
referred to appellant as their niece, not their daughter.  

We will first address appellant=s legal sufficiency challenge to the
trial court=s finding of fact regarding the
absence of an agreement of adoption between Bessie and Linda Ann Johnson=s biological parents.  Reviewing the evidence which supports the
finding, the trial court was presented with conflicting testimony regarding the
relationship between appellant and Bessie and the existence of an
agreement.  The trial court was therefore
entitled, as fact-finder, to believe or disbelieve all or any part of the
evidence.  Barrientos, 94 S.W.3d
at 288.  Because there was some evidence
to support the trial court=s finding that no agreement existed between Bessie and her
natural parents or grandparents to adopt appellant, we hold the evidence was
legally sufficient to support the finding. 


With regard to the factual sufficiency challenge, we review
all of the evidence presented to the trial court, and after reviewing such
evidence, we cannot say the evidence contrary to the finding is so overwhelming
as to be manifestly wrong and unjust. 
While appellant presented evidence of her close relationship with
Bessie, neither the emotional bond nor these actions support imputing the legal
bond of adoption absent evidence of an 
agreement or contract to adopt appellant.  Accordingly, we hold the evidence is
factually sufficient to support the trial court=s finding of fact.  








B.        Conclusions
of Law

Conclusions of law are always
reviewable.  Jean v. Tyson-Jean,
118 S.W.3d 1, 4 (Tex.
App.CHouston [14th Dist.] 2003, pet.
denied).  They will be upheld on appeal
if the judgment can be sustained on any legal theory supported by the
evidence.  Kotis v. Nowlin Jewelry,
Inc. 844 S.W.2d 920, 922 (Tex. App.CHouston [14th Dist.] 1992, no writ).  Conclusions of law will not be reversed,
unless they are erroneous as a matter of law. 
Johnston v. McKinney Am., Inc., 9 S.W.3d 271, 277 (Tex. App.CHouston [14th Dist.] 1999, pet. denied).

A trial court=s conclusions of
law are reviewed de novo as legal questions, and cannot be challenged on
factual sufficiency grounds.  Texmarc Conveyor Co. v. Arts, 857 S.W.2d 743, 744B45 (Tex. App.CHouston [14th Dist.] 1993, writ
denied); O=Farrill Avila v. Gonzalez, 974 S.W.2d 237, 243 (Tex. App.CSan Antonio 1998, pet. denied).  Under de novo review, the reviewing court
exercises its own judgment and redetermines each legal issue.  Quick v. City of Austin, 7 S.W.3d 109,
116 (Tex. 1998).  Incorrect conclusions
of law will not require a reversal if the controlling findings of fact will
support a correct legal theory.  Johnston,
9 S.W.3d at 277. 

In order to inherit as an heir, appellant was required to
show she was an adopted child of Bessie Brown. The trial court concluded
appellant failed to prove Bessie agreed with appellant=s biological parents to adopt
her.  Because we have upheld the trial
court=s finding that there was no agreement
between Bessie and Linda Ann Johnson=s biological parents to adopt Linda
Ann, the trial court=s conclusion of law is supported by a controlling finding of
fact.  Thus, the trial court did not err
in concluding appellant was not an heir of Bessie Brown because she failed to
prove an agreement between Bessie Brown and appellant=s natural parents existed.  Therefore, we uphold the trial court=s conclusion of law that an agreement
did not exist.   

Appellant=s second and fourth issues are overruled.    








III.       Additional
Findings of Fact and Conclusions of Law

By her third issue, appellant contends the trial court=s judgment is not supported by its
findings and conclusions because the findings and conclusions do not address
all grounds of recovery.  However, if the
trial court=s original findings do not address a
ground of recovery or a defense, then the party relying on that ground or
defense must request additional findings. 
Sears, Roebuck & Co. v. Nichols, 819 S.W.2d 900, 907B08 (Tex. App.CHouston [14th Dist.] 1991, writ
denied); Limestone Group, Inc. v. Sai Thong, L.L.C., 107 S.W.3d 793, 799
(Tex. App.CAmarillo 2003, no pet.); Levine v.
Maverick County Water Control & Improvement Dist. No. 1, 884 S.W.2d
790, 796 (Tex. App.CSan Antonio 1994, writ denied).  By failing to request additional findings,
the party waives the right to complain on appeal that the findings were not
full and complete.  Cities Servs. Co.
v. Ellison, 698 S.W.2d 387, 390 (Tex. App.CHouston [14th Dist.] 1985, writ ref=d n.r.e.); Limestone Group, 107
S.W.3d at 799; 1st Coppell Bank v. Smith, 742 S.W.2d 454, 465 (Tex. App.CDallas 1987, no writ).  

Adoption by estoppel applies when an agreement to adopt
exists between the adoptive parent and the child or between the adoptive parent
and the natural parent.  Cavanaugh,
235 S.W.2d at 973B74.  Appellant argues
that because the trial court=s conclusion of law only addressed the existence of an
agreement between her biological parents and Bessie Brown, we must reverse
because she could also prove adoption by estoppel by establishing an agreement
existed between herself and Bessie Brown. 
Appellant=s argument fails, however, because she did not request
additional findings and conclusions based on the additional ground of
recovery.  Further, appellant never
argued or presented the additional ground of recovery to the trial court.  Therefore, because appellant failed to
request additional findings or conclusions, she has waived any alleged error by
the trial court in failing to address the other ground of recovery.  Sears, Roebuck & Co., 819 S.W.2d
at 907B08; Fielder v. Abel, 680
S.W.2d 655, 656B57 (Tex. App.CAustin 1984, no writ). 
Appellant=s third issue is overruled. 









Conclusion   


Having overruled appellant=s four issues on appeal, we affirm
the judgment of the trial court.  

 

 

 

 

/s/        John S. Anderson

Justice

 

 

 

Judgment rendered
and Memorandum Opinion/Opinion filed September 2, 2004.

Panel consists of
Justices Yates, Anderson, and Hudson.