Opinion filed October 9, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed October 9,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00136-CV

                                                    __________

 

                         EDGEWATER SEED MARKET A/K/A FARGO 

SECURITY COMPANY, Appellant

 

V.

 

MAGNOLIA INDEPENDENT SCHOOL DISTRICT ET AL, Appellees

 



 

On Appeal from the 9th District Court

 

Montgomery County, Texas

 

Trial Court Cause No. 03-06-04621-TX

 



 

M E M O R A N D U M   O P I N I O N

 

Edgewater
Seed Market a/k/a Fargo Security Company sought excess funds that were retained
in the registry of the court after a tax sale.  See Tex. Tax Code Ann. '' 34.03, 34.04 (Vernon
2008).  The trial court denied Edgewater=s
request and awarded the excess funds to Magnolia Independent School District
and Montgomery County, the taxing entities that had participated in the tax
sale.  We affirm.  

 








                                                               Background
Facts

Magnolia
ISD and Montgomery County obtained a default judgment for delinquent property
taxes against ALee Mui
Leung, Trustee for Wai Leung William Ng.@ 
According to the tax rolls and the default judgment, Leung had a San Diego,
California address.  The real property was subsequently sold to satisfy the tax
lien, and excess funds from that sale were deposited into the registry of the
district court.  The amount of excess funds was $14,247.94.  As provided for in
Section 34.04, Edgewater filed B
within two years from the date of the sale B
a motion for release of excess funds.[1]  Eight months
later, Edgewater filed an application for turnover order.  Attached to the
application was a default judgment from New York against ALee Mui@ of Flushing, New York. 
Edgewater claimed that it was entitled to the excess funds at issue in this
case based upon the assignment of the plaintiff=s
interest in the New York judgment to Edgewater and the domestication of the New
York judgment in Texas.  After a hearing, the trial court denied Edgewater=s motion for excess
proceeds and later entered findings of fact and conclusions of law.

The
trial court found that Edgewater did not diligently commence and prosecute the
motion for excess proceeds, that Edgewater=s
application for turnover was not filed within two years of the sale, that the
excess funds had escheated to the taxing entities at the time of the filing of
the application for turnover, that Edgewater did not offer any evidence or
testimony at the hearing, and that Edgewater did not prove that it was entitled
to the excess funds.

                                                                         Issues

Edgewater
presents three points of error.  In the first point, Edgewater argues that the
trial court erred in deciding the case without any evidence even though the
motion for excess proceeds was filed within two years of the sale.  In the
second point, Edgewater argues that the trial court erred in deciding the case
without any evidence after apparently determining that Edgewater did not toll
the statute of limitations.  In the third point, Edgewater argues that the
trial court erred in refusing to make the additional findings of fact and
conclusions of law requested by Edgewater.  

                                                                Lack
of Evidence








Although
Edgewater argues in its first and second points of error that the trial court
erred in deciding the case based upon the timeliness of Edgewater=s request for the excess
proceeds, we need not determine whether Edgewater=s
request was timely or whether the two-year period was tolled as that issue is
not necessary to the final disposition of this appeal.  See Tex. R. App. P.  47.1.  We find the
lack of evidence regarding Edgewater=s
entitlement to the proceeds to be the dispositive issue.  

As
the claimant seeking distribution of the excess proceeds, Edgewater had the
burden to establish its entitlement to the proceeds.  Sections 34.03(b),
34.04(c).  The trial court found that Edgewater offered no evidence or
testimony at the hearing and that no evidence was entered into the record.  The
court then concluded that Edgewater failed to prove that it was entitled to the
funds.  The record supports the trial court=s
finding.  At the hearing, Edgewater did not present any evidence showing that
it was entitled to the proceeds, that Lee Mui of New York was the same person
as Lee Mui Leung of California, or that the property was owned by Lee Mui Leung
individually.  The tax records showed the previous owner as Lee Mui Leung,
Trustee for Wai Leung William Ng.  Nothing in the record indicates that
Edgewater even attempted to offer any evidence showing that it was entitled to
the excess proceeds.  Edgewater failed to meet its burden.

To
the extent that Edgewater=s
first two points complain about the trial court resolving this case without
hearing any evidence, they are overruled.  Edgewater had the burden to prove
that it was entitled to the excess proceeds.  The trial court held a hearing,
but Edgewater offered no such evidence.  The trial court is not to blame for
the lack of evidence.  

                                                        Additional
Findings of Fact

In
its third point, Edgewater argues that the trial court erred by refusing its
request for additional findings of fact and conclusions of law.  As pointed out
in Magnolia=s brief,
Edgewater=s request
for additional findings and conclusions was untimely.  Tex. R. Civ. P. 298 requires that a request for additional or
amended findings of fact and conclusions of law be made within ten days after
the filing of the original findings and conclusions.  Edgewater=s request was filed
twenty-eight days after the trial court signed its findings and conclusions. 
When a party makes an untimely request for additional findings and conclusions,
the party waives its right to complain on appeal of the trial court=s refusal to enter such
additional findings or conclusions.  Cities Servs. Co. v. Ellison, 698
S.W.2d 387, 390 (Tex. App.CHouston
[14th Dist.] 1985, writ ref=d
n.r.e.).  








Moreover,
the trial court=s
refusal to enter the additional findings did not prevent Edgewater from
adequately presenting an argument on appeal, and many of the requested findings
were not supported by the record or were cumulative of the trial court=s original findings.  A
trial court is not required to make additional findings of fact that are not
supported by the record.  Buckeye Retirement Co. v. Bank of Am., N.A.,
239 S.W.3d 394, 402 (Tex. App.CDallas
2007, no pet.).  Furthermore, if the trial court=s
refusal to make additional findings does not prevent a party from adequately
presenting an argument on appeal, the refusal is not reversible error.  Jamestown
Partners, L.P. v. City of Fort Worth, 83 S.W.3d 376, 386 (Tex. App.CFort Worth 2002, pet.
denied).  The third point is overruled. 

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

October 9, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Although this motion was filed by AFargo,@ Fargo and
Edgewater were subsequently shown to be Aone
and the same entity@  and will be referred to as Edgewater in this opinion.