**Affirmed and Memorandum Opinion filed May 30, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-01081-CV

---

**VICTORIA V. OCHSNER, Appellant**

**V.**

**PRESTON A. OCHSNER, Appellee**

---

**On Appeal from the 247th District Court
Harris County, Texas
Trial Court Cause No. 2001-54131**

---

## M E M O R A N D U M   O P I N I O N

Victoria V. Ochsner appeals from the trial court's order modifying child support in a suit for modification of the parent-child relationship concerning the Child of Victoria and Preston A. Ochsner.  We affirm.

# I. BACKGROUND

The Child was born in 1998, and Victoria and Preston divorced in 2001. The trial court appointed Victoria and Preston as joint managing conservators, with Victoria having the exclusive right to determine the residence and domicile of the Child. The court ordered Preston to pay Victoria $240 per month as child support and $563 per month to the Child's daycare facility as long as the Child was enrolled in daycare; thereafter, Preston would pay Victoria $800 per month.[1]

In 2011, Preston petitioned for a modification of the parent-child relationship.[2] In July 2011, the trial court signed a temporary order directing Preston to pay Victoria $1,500 per month as child support and ordering Victoria to pay "as additional child support . . . the private school tuition and fees for [the Child] to attend St. Thomas Episcopal School." The parties proceeded to trial on September 26, 2011, and the trial court signed its final judgment, "Order in Suit to Modify Parent-Child Relationship," on October 26, 2011. The court ordered Preston to pay Victoria $1,421.44 per month as child support and awarded $6,000 in attorney's fees to Preston's counsel.[3] The order also included a handwritten note: "Temporary Orders will survive this final order."

Victoria filed a request for findings of fact and conclusions of law on November 8, 2011. Also on that date, the trial court signed an "Order Granting Clarification of Prior Order," finding that its prior temporary order was not specific

---

[1] Victoria eventually filed a motion to enforce, but that motion is not the subject of this appeal. *See Ochsner v. Ochsner*, Nos. 14-11-00395-CV, 14-11-00412-CV, 2012 WL 1854743 (Tex. App.—Houston [14th Dist.] May 22, 2012, no pet.) (mem. op.).

[2] In these proceedings, Preston has been represented by counsel, and Victoria has represented herself, although she is a licensed attorney practicing law.

[3] The order included a "statement on guidelines" where the court found that the amount of child support ordered was in accordance with the percentage guidelines as 20 percent of Preston's net resources; the amount of net resources available to Preston was $7,107.20 per month; and the amount of net resources available to Victoria was $1,949.90 per month.

enough to be enforceable by contempt. The court ordered that Victoria pay Preston $3,311.84 "as reimbursement for the private school tuition and fees for [the Child] to attend St. Thomas Episcopal School which were withdrawn from Preston Ochsner's bank account." The court further ordered Victoria to "personally go to St. Thomas Episcopal School . . . and sign all forms and documents necessary to remove Preston Oschsner as a responsible party for any tuition and fees payments for [the Child] to attend St. Thomas Episcopal School." Finally, the court ordered Victoria to pay $2,000 in attorney's fees to Preston's counsel.

Victoria filed a notice of appeal and a notice of past-due findings of fact and conclusions of law. The trial court signed findings of fact and conclusions of law on December 20, 2011.

## II. ANALYSIS

Victoria brings four issues, contending the trial court erred by (1) "failing to file findings of fact and conclusions of law"; (2) "ordering Victoria Ochsner to pay private school tuition and fees as additional child support without specifying exactly how much should she pay"; (3) "ordering Victoria Ochsner to reimburse Preston Ochsner for the private school tuition and fees as additional child support in the amount $3,311.84 for [the Child] to attend" private school; and (4) awarding attorney's fees to Preston "without good cause shown." Preston did not file an appellate brief.

## A. Findings of Fact and Conclusions of Law

Contrary to Victoria's assertion, the record reveals that the trial court signed findings of fact and conclusions of law on December 20, 2011. Although those findings do not appear to address the issues concerning Victoria on appeal, she

3

waived any complaint about the adequacy of the findings by not requesting specified additional or amended findings under TEX. R. CIV. P. 298. *See Cities Servs. Co. v. Ellison*, 698 S.W.2d 387, 390 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e); *see also Operation Rescue-Nat'l v. Planned Parenthood of Hous. & Sw. Tex., Inc.*, 975 S.W.2d 546, 561 (Tex. 1998).[4]

Victoria's first issue is overruled.

## B.     Private School Tuition of an Unspecified Amount

Victoria contends that the trial court's final judgment ordered her to "pay private school tuition and fees as additional child support each month as it comes due for [the Child] to attend [private school] *without specifying exactly how much should she pay*." We find no such requirement in the trial court's final judgment, the October 26, 2011 order.

The temporary order included a provision requiring Victoria to pay the Child's private school tuition without specifying the amount. The general rule is that "temporary orders [do] not survive entry of the final [judgment], and cannot form the basis of an appeal." *Amerson v. Amerson*, No. 14-01-00625-CV, 2002 WL 1438672, at *1 (Tex. App.—Houston [14th Dist.] July 3, 2002, no pet.) (mem. op., not designated for publication); *see also, e.g.*, *Coke v. Coke*, 802 S.W.2d 270, 273 (Tex. App.—Dallas 1990, writ denied) ("Typically, a temporary order expires with the entry of a final judgment. . . . [A] final decree does supersede such a prior temporary order with regard to future child support.").

The trial court's judgment in this case does not explicitly order Victoria to

---

[4] The trial court also satisfied its obligation, "[w]ithout regard to Rules 296 through 299, Texas Rules of Civil Procedure," by making the requisite findings specified in Section 154.130 of the Texas Family Code, as discussed in footnote 3, *supra*. *See* TEX. FAM. CODE ANN. § 154.130 (West Supp. 2012).

pay for the Child's private school tuition. However, the judgment includes a handwritten note that "Temporary Orders will survive this order." This note creates an ambiguity about whether or not Victoria's obligation under the temporary order to pay private school tuition was incorporated by reference into the final order—a determination we make de novo. *See Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003). When a judgment is ambiguous, we must review the record along with the judgment to aid in interpreting the judgment. *Id.* Further, we "should adopt the construction that correctly applies the law." *Id.* (citing *MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997)).

Reviewing the record as a whole, we conclude that the trial court did not order Victoria to pay private school tuition for the Child. This interpretation correctly applies the law; the contrary interpretation would require reversal.

The original divorce decree, signed when the Child was about three years old, did not order either party to pay for private school tuition. Preston's obligation to pay for daycare would cease when the child's enrollment in daycare terminated, and his child support payments would automatically increase to $800 per month. However, Victoria testified that from 2003 to 2008, Preston paid only the original amount of $240 per month. She testified further that in addition to that amount, Preston paid for private school tuition for the Child in excess of $1,000 per month. Thus, Preston's payment of the private school tuition was arranged informally between the parties.

At the hearing before the trial court signed its temporary order, Victoria was given the option to maintain the status quo and have Preston pay tuition plus $240 per month, or she could have opted to pay the tuition herself and receive from

Preston $1,500 per month. She chose the latter option.[5] The trial court's final order awarded to Victoria the statutory guideline of 20% of Preston's net resources and did not specifically order Victoria to pay any child support for private tuition.

Indeed, had the trial court ordered Victoria to pay private school tuition going forward—which the record evidence indicated was about $1,100 to $1,200 per month—the court's order would have greatly exceeded the 20% guideline: the award would have been more than 55% of Victoria's net resources. *See* TEX. FAM. CODE ANN. § 154.125 (West 2008) (creating presumption that obligor pay 20% of net resources for support of a single child); *see also In re Marriage of Grossnickle*, 115 S.W.3d 238, 247 (Tex. App.—Texarkana 2003, no pet.) (payment of private school tuition "is necessarily a form of child support"). Such a departure from the guidelines would have required the trial court sua sponte to make findings concerning "the specific reasons that the amount of child support per month ordered by the court varies from the amount computed by applying the percentage guidelines." TEX. FAM. CODE ANN. § 154.130(b); *see also Omodele v. Adams*, No. 14-01-00999-CV, 2003 WL 133602, at *5 (Tex. App.—Houston [14th Dist.] Jan. 16, 2003) (mem. op.) (reversing because the trial court abused its discretion by deviating from the guidelines without making the finding required by Section 154.130).[6] Accordingly, Victoria's proposed interpretation of the final judgment would require reversal for an abuse of discretion, whereas the competing interpretation does not.

---

[5] As discussed below, however, Preston alleged that his bank account continued to be debited for private school tuition after the trial court signed the temporary order.

[6] *See also In re Marriage of Grossnickle*, 115 S.W.3d at 248–49 (reversing "the portion of the order directing [appellant] to pay one half of an unascertainable amount [for private school tuition because it] is too vague to be enforceable" by contempt; assuming the award was for an amount derived from testimony, it caused the award to exceed the guidelines by 0.3% of obligor's net resources).

Finally, we note that the trial court signed a clarification order to make the temporary order enforceable by contempt and award a money judgment against Victoria in favor of Preston regarding the payment of private school tuition mistakenly withdrawn from Preston's bank account during the pendency of the modification proceeding. The court ordered Victoria to sign all necessary documents with the school to remove Preston as a responsible party for future tuition and fees. The trial court did ***not***, however, instruct Victoria to add her name as a responsible party or otherwise order Victoria to pay future tuition and fees.

We conclude that the final judgment does not order Victoria to pay as additional child support unspecified costs of the Child's private school tuition.[7] This construction correctly applies the law and is consistent with the remainder of the record.

Victoria's second issue is overruled.

## C. Clarification of Temporary Order

After signing its final order modifying child support obligations, the trial court signed an order clarifying its prior temporary order to award $3,311.84 as reimbursement for private school tuition paid by Preston between the time that the trial court signed the temporary and final support orders.[8] Victoria contends that the trial court abused its discretion "because there is no evidence of a substantive and probative character in the record to support the trial court's decision."

---

[7] Nor does the order require Preston to pay for private school tuition, but Victoria does not complain on appeal about that ruling.

[8] Although the trial court's signing of a final judgment will cause the temporary order to expire, the final judgment "does not nullify a temporary order with regard to child support due up to the time of the [judgment]." *Coker*, 802 S.W.2d at 273; *accord In re Gonzalez*, 993 S.W.2d 147, 156 n.2 (Tex. App.—San Antonio 1999, no pet.); *Ball v. Ball*, No. 14-99-01402-CV, 2001 WL 543731, at *3 (Tex. App.—Houston [14th Dist.] May 24, 2001, no pet.) (not designated for publication).

The trial court's clarification order indicates that the court held a hearing on Preston's "second amended motion for enforcement" on October 26, 2011, and "[t]he record of testimony was duly reported by the court reporter." However, Victoria failed to make this transcript part of the record on appeal, and the record contains no request for a partial reporter's record that includes "statement of the points or issues to be presented on appeal." *See* TEX. R. APP. P. 34.6(c)(1). If an appellant fails to file a statement of the points or issues required by Rule 34.6(c)(1) and "fails to present a complete reporter's record on appeal, the court of appeals must presume the omitted portions are relevant and support the trial court's judgment." *London v. London*, 94 S.W.3d 139, 143 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *see also Bennet v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002) ("There is no question that, had [the appellant] failed to submit his statement of points or issues, Rule 34.6 would require the appellate court to affirm the trial court's judgment.").

Indeed, the court reporter informed this court that Victoria has not made payment arrangements for the reporter's record and did not request preparation of the record from the October 26, 2011 hearing. "Consequently, we must presume that the missing [reporter's record is] relevant and support[s] the trial court's judgment." *In re A.M.K.*, No. 14-03-01308-CV, 2005 WL 3005636, at *1 (Tex. App.—Houston [14th Dist.] Nov. 10, 2005, pet. denied) (mem. op.) (applying presumption when the court reporter informed this court that the appellant refused to pay for part of the record).

Victoria's third issue is overruled.

## D.     Attorney's Fees

Victoria contends that the trial court erred by awarding attorney's fees to Preston's counsel in the amounts of $6,000 and $2,000 respectively in the final

modification order and the clarification order. She contends that because Preston "is a non-prevailing party, the award of attorney's fees should be reversed and remanded to the trial court for the court to hear evidence on whether good cause supports the award of attorney's fees in favor of Preston."

"In family law matters, the trial court has broad discretion in awarding attorney's fees, particularly in those matters involving the parent-child relationship." *London v. London*, 192 S.W.3d 6, 19 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (citing TEX. FAM. CODE ANN. § 106.002 (West Supp. 2005)). However, "no provision is made, absent good cause, for allowing an unsuccessful party recovery of her attorney's fees." *Id.*

Regardless of whether Preston was a prevailing party in the modification proceeding,[9] the trial court specifically stated in the order that "good cause exists" to award attorney's fees to Preston's attorney. Victoria makes no argument concerning whether the record evidence supports the trial court's finding, and her only request is that we remand for the trial court to "hear evidence on whether good cause supports the award." Because the trial court has already made a good-cause finding, we overrule her request.

Further, the record reveals that Preston was a prevailing party in the clarification proceeding as the trial court awarded him $3,311.84 as reimbursement for payment of private school tuition. Accordingly, the trial court was not required to make a good-cause finding to award the $2,000 in attorney's fees for the

---

[9] Victoria provides no argument for why Preston should be considered a non-prevailing party. "Deciding which litigant is a 'successful party' is often a difficult task in family law cases." *Nordstrom v. Nordstrom*, 965 S.W.2d 575, 583 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). Preston initially petitioned the court to increase his child support payments. He then petitioned for a decrease because he quit his job. But at trial, he stipulated that his earning capacity was $10,000 per month. The amount of net resources found by the trial court could be consistent with this stipulated earning capacity. *See* TEX. FAM. CODE ANN. §§ 154.061, 154.062 (West 2008). Accordingly, it is not clear that Preston was a "non-prevailing party."

clarification proceeding, and a remand on that issue is unwarranted.

Victoria's fourth issue is overruled.

### III.  CONCLUSION

Having overruled all of Victoria's issues, we affirm the trial court's judgment.


/s/        Sharon McCally
           Justice


Panel consists of Justices Boyce, McCally, and Mirabal.[10]

---

[10] Senior Justice Margaret Garner Mirabal sitting by assignment.